# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Filed:

Index No.:

JOANN MATHEOS,

                Plaintiff,

-against-

HEMPSTEAD TURNPIKE GST LMO 8 LLC,
TARGET CORPORATION and TARGET,

                Defendants.

Plaintiff designates
NASSAU County as the
place of trial.

**SUMMONS**

The basis of venue is
Plaintiff's residence:
110 S Sheridan Avenue
Bethpage, NY 11714

**To the above named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated:  Bayside, New York
          June 19, 2020

SACCO & FILLAS, LLP
By: David E. Silverman
Attorneys for Plaintiff
42-40 Bell Blvd., Suite 301
Bayside NY 11361
(718) 352-9760
Our File # 23930-20b

**DEFENDANTS**:
HEMPSTEAD TURNPIKE GST LMO 8 LLC
44 Cocoanut Row Suite T1-T2
Palm Beach FL 33480

TARGET CORPORATION
1000 Nicolett Mall
Minneapolis MN 55403

TARGET
3850 Hempstead Turnpike
Levittown NY 11756

**FORWARD THIS IMMEDIATELY TO YOUR ATTORNEY OR INSURANCE COMPANY**

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

JOANN MATHEOS,

           Plaintiff,

-against-

HEMPSTEAD TURNPIKE GST LMO 8 LLC,
TARGET CORPORATION and TARGET,

           Defendants.

---

Index No.:

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, SACCO & FILLAS, LLP, as and for her Verified Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, Joann Matheos, at all times herein mentioned was and still is a resident of the County of Nassau and the State of New York.

2. The defendant, HEMPSTEAD TURNPIKE GST LMO 8 LLC, at all times herein motioned, was and still is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business situated in the State of Florida.

3. The defendant, HEMPSTEAD TURNPIKE GST LMO 8 LLC, at all times herein mentioned conducted and carried on business in the County of Nassau and the State of New York.

4. At all times herein mentioned, defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC transacted business within the State of New York.

5. At all times herein mentioned, defendant HEMPSTEAD TURNPIKE GST LMO 8

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

LLC derived substantial revenue from goods used or consumed or services rendered in the State of New York.

6. At all times herein mentioned, defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC expected or should reasonably have expected its acts to have consequences in the State of New York.

7. At all times herein mentioned, defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC derived substantial revenue from interstate or international commerce.

8. The defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC, at all times herein mentioned, was and still is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business situated in the County of and the State of New York.

9. The defendant, HEMPSTEAD TURNPIKE GST LMO 8 LLC, at all times herein mentioned conducted and carried on business in the County of and the State of New York.

10. The defendant, HEMPSTEAD TURNPIKE GST LMO 8 LLC, at all times herein mentioned was and still is a partnership doing business in the County of and the State of New York.

11. At all times herein mentioned, defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC transacted business within the State of New York.

12. At all times herein mentioned, defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC derived substantial revenue from goods used or consumed or services rendered in the State of New York.

13. At all times herein mentioned, defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC expected or should reasonably have expected its acts to have consequences in the State of New York.

14. At all times herein mentioned, defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC derived substantial revenue from interstate or international commerce.

15. At all times herein mentioned, Joann Matheos was lawfully upon defendants' premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

16. At all times herein mentioned, the defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC owned the premises/store located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

17. At all times herein mentioned, the defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC was one of the owners of the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

18. At all times herein mentioned, the defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC was a lessee of the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

19. At all times herein mentioned, the defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC, defendant's servants, agents and/or employees operated the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

20. At all times herein mentioned, the defendant HEMPSTEAD TURNPIKE GST LMO

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

4 of 17

8 LLC, defendant's servants, agents and/or employees maintained the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

21. At all times herein mentioned, the defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC, defendant's servants, agents and/or employees managed the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

22. At all times herein mentioned, the defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC, defendant's servants, agents and/or employees controlled the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

23. At all times herein mentioned, the defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC, defendant's servants, agents and/or employees supervised the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

24. On or before June 21, 2017, the defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC, defendant's servants, agents and/or employees repaired the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

25. On or before June 21, 2017, the defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC, defendant's servants, agents and/or employees inspected the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

26. On or before June 21, 2017, the defendant HEMPSTEAD TURNPIKE GST LMO 8

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been 5 of 17

LLC, defendant's servants, agents and/or employees constructed the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

27. On or before June 21, 2017, the defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC, defendant's servants, agents and/or employees designed the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

28. On or before June 21, 2017, the defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC, defendant's servants, agents and/or employees cleaned the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

29. At all times herein mentioned, it was the duty of the defendant HEMPSTEAD TURNPIKE GST LMO 8 LLC, defendant's servants, agents and/or employees to maintain said premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York, in a reasonably safe and suitable condition and in good repair.

30. The defendant, TARGET CORPORATION, at all times herein motioned, was and still is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business situated in the State of Florida.

31. The defendant, TARGET CORPORATION, at all times herein mentioned conducted and carried on business in the County of Nassau and the State of New York.

32. At all times herein mentioned, defendant TARGET CORPORATION transacted business within the State of New York.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

6 of 17

33. At all times herein mentioned, defendant TARGET CORPORATION derived substantial revenue from goods used or consumed or services rendered in the State of New York.

34. At all times herein mentioned, defendant TARGET CORPORATION expected or should reasonably have expected its acts to have consequences in the State of New York.

35. At all times herein mentioned, defendant TARGET CORPORATION derived substantial revenue from interstate or international commerce.

36. The defendant TARGET CORPORATION, at all times herein mentioned, was and still is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business situated in the County of and the State of New York.

37. The defendant, TARGET CORPORATION, at all times herein mentioned conducted and carried on business in the County of and the State of New York.

38. The defendant, TARGET CORPORATION, at all times herein mentioned was and still is a partnership doing business in the County of and the State of New York.

39. At all times herein mentioned, defendant TARGET CORPORATION transacted business within the State of New York.

40. At all times herein mentioned, defendant TARGET CORPORATION derived substantial revenue from goods used or consumed or services rendered in the State of New York.

41. At all times herein mentioned, defendant TARGET CORPORATION expected or

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

should reasonably have expected its acts to have consequences in the State of New York.

42. At all times herein mentioned, defendant TARGET CORPORATION derived substantial revenue from interstate or international commerce.

43. At all times herein mentioned, the defendant TARGET CORPORATION owned the premises/store located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

44. At all times herein mentioned, the defendant TARGET CORPORATION was one of the owners of the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

45. At all times herein mentioned, the defendant TARGET CORPORATION was a lessee of the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

46. At all times herein mentioned, the defendant TARGET CORPORATION, defendant's servants, agents and/or employees operated the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

47. At all times herein mentioned, the defendant TARGET CORPORATION, defendant's servants, agents and/or employees maintained the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

48. At all times herein mentioned, the defendant TARGET CORPORATION, defendant's servants, agents and/or employees managed the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been         8 of 17

49. At all times herein mentioned, the defendant TARGET CORPORATION, defendant's servants, agents and/or employees controlled the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

50. At all times herein mentioned, the defendant TARGET CORPORATION, defendant's servants, agents and/or employees supervised the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

51. On or before June 21, 2017, the defendant TARGET CORPORATION, defendant's servants, agents and/or employees repaired the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

52. On or before June 21, 2017, the defendant TARGET CORPORATION, defendant's servants, agents and/or employees inspected the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

53. On or before June 21, 2017, the defendant TARGET CORPORATION, defendant's servants, agents and/or employees constructed the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

54. On or before June 21, 2017, the defendant TARGET CORPORATION, defendant's servants, agents and/or employees designed the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

55. On or before June 21, 2017, the defendant TARGET CORPORATION, defendant's servants, agents and/or employees cleaned the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

56. At all times herein mentioned, it was the duty of the defendant TARGET

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been    9 of 17

CORPORATION, defendant's servants, agents and/or employees to maintain said premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York, in a reasonably safe and suitable condition and in good repair

57. At all times herein mentioned, the defendant TARGET CORPORATION owned the premises/store located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

58. The defendant, TARGET, at all times herein motioned, was and still is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business situated in the State of Florida.

59. The defendant, TARGET, at all times herein mentioned conducted and carried on business in the County of Nassau and the State of New York.

60. At all times herein mentioned, defendant TARGET transacted business within the State of New York.

61. At all times herein mentioned, defendant TARGET derived substantial revenue from goods used or consumed or services rendered in the State of New York.

62. At all times herein mentioned, defendant TARGET expected or should reasonably have expected its acts to have consequences in the State of New York.

63. At all times herein mentioned, defendant TARGET derived substantial revenue from interstate or international commerce.

64. The defendant TARGET, at all times herein mentioned, was and still is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business situated in the County of and the State of

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

New York.

65. The defendant, TARGET, at all times herein mentioned conducted and carried on business in the County of and the State of New York.

66. The defendant, TARGET, at all times herein mentioned was and still is a partnership doing business in the County of and the State of New York.

67. At all times herein mentioned, defendant TARGET transacted business within the State of New York.

68. At all times herein mentioned, defendant TARGET derived substantial revenue from goods used or consumed or services rendered in the State of New York.

69. At all times herein mentioned, defendant TARGET expected or should reasonably have expected its acts to have consequences in the State of New York.

70. At all times herein mentioned, defendant TARGET derived substantial revenue from interstate or international commerce.

71. At all times herein mentioned, the defendant TARGET owned the premises/store located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

72. At all times herein mentioned, the defendant TARGET was one of the owners of the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

73. At all times herein mentioned, the defendant TARGET was a lessee of the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

74. At all times herein mentioned, the defendant TARGET, defendant's servants, agents and/or employees operated the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

75. At all times herein mentioned, the defendant TARGET, defendant's servants, agents and/or employees maintained the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

76. At all times herein mentioned, the defendant TARGET, defendant's servants, agents and/or employees managed the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

77. At all times herein mentioned, the defendant TARGET, defendant's servants, agents and/or employees controlled the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

78. At all times herein mentioned, the defendant TARGET, defendant's servants, agents and/or employees supervised the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

79. On or before June 21, 2017, the defendant TARGET, defendant's servants, agents and/or employees repaired the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

80. On or before June 21, 2017, the defendant TARGET, defendant's servants, agents and/or employees inspected the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

81. On or before June 21, 2017, the defendant TARGET, defendant's servants, agents

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

12 of 17

and/or employees constructed the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

82. On or before June 21, 2017, the defendant TARGET, defendant's servants, agents and/or employees designed the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

83. On or before June 21, 2017, the defendant TARGET, defendant's servants, agents and/or employees cleaned the premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

84. At all times herein mentioned, it was the duty of the defendant TARGET, defendant's servants, agents and/or employees to maintain said premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York, in a reasonably safe and suitable condition and in good repair

85. At all times herein mentioned, the defendant TARGET owned the premises/store located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York.

86. That on or about June 21, 2017, while the plaintiff, Joann Matheos, was lawfully upon the defendants' premises located at Target, 3850 Hempstead Turnpike, Levittown, County of Nassau, State of New York, she was caused to slip and fall by a dangerous, hazardous and unsafe floor, causing her to sustain grievous personal injuries with attendant special damage.

87. Defendants had actual and constructive notice.

88. Solely as a result of the defendants' negligence, carelessness and recklessness, Joann

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been 13 of 17

Matheos was caused to suffer severe and serious personal injuries to mind and body, and further, that Joann Matheos was subjected to great physical pain and mental anguish.

89. The aforesaid occurrence was caused by the negligence of the defendants, without any culpable conduct on the part of Joann Matheos.

90. By reason of the foregoing, Joann Matheos was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and Joann Matheos will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Joann Matheos incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Joann Matheos will be unable to pursue Joann Matheos's usual duties with the same degree of efficiency as prior to this accident, all to Joann Matheos' great damage.

91. As a result of the foregoing, plaintiff has become sick, sore, lame and disabled, has sustained severe and serious injuries, has suffered and will continue to suffer severe mental and nervous shock with accompanying pain, has required medical treatment and was and will be unable to attend to her usual duties for a long period of time; was obliged to and did expend large sums of money for medical care and attention and will be required to expend additional sums of money for medical care in the future to attend to her injuries which he believes to be of a permanent nature.

92. As a result of the foregoing negligence of the defendants, the plaintiff has expended

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

and become obligated for the sums of money for medical care and attention for the plaintiff in an effort to cure her of her injuries and to alleviate her pain and suffering; was caused to incur damages.

93. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

94. Due to defendants' negligence, plaintiff is entitled to damages.

95. **WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: Bayside, New York
June 19, 2020

SACCO & FILLAS, LLP
By: David E. Silverman
Attorneys for Plaintiff
42-40 Bell Blvd., Suite 301
Bayside NY 11361
(718) 352-9760
Our File # 23930-20b

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

15 of 17

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

JOANN MATHEOS,

      Plaintiff,

 -against-

HEMPSTEAD TURNPIKE GST LMO 8 LLC,
TARGET CORPORATION and TARGET,

      Defendants.

---

Index No.:

**ATTORNEY'S VERIFICATION**

 David E. Silverman, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

 I am of the firm of SACCO & FILLAS, LLP, the attorneys of record for the plaintiff.

 I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

 This verification is made by affirmant and not by plaintiff because she is not in the County of Queens, which is the County where your affirmant maintains offices.

 The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: Suffolk, New York
   June 19, 2020

                David E. Silverman

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU                                    Index No.:
-----------------------------------------------------------------
JOANN MATHEOS,

                 Plaintiff,

   -against-

HEMPSTEAD TURNPIKE GST LMO 8 LLC,
TARGET CORPORATION and TARGET,

                 Defendants.
-----------------------------------------------------------------

**SUMMONS and VERIFIED COMPLAINT**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: Bayside, New York
       June 19, 2020

Signature:

By: David E. Silverman

**SACCO & FILLAS, LLP**
Attorneys for Plaintiff
Joann Matheos
42-40 Bell Boulevard
Suite 301
Bayside, New York 11361
(718) 352-9760
Our File # 23930-20b